UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

IN RE AMERICAN
INTERNATIONAL GROUP, INC.
DERIVATIVE LITIGATION

                                                   MASTER FILE
                                                   No.  07 Civ. 10464 (LTS)(KNF)

This Document Relates To:
All Actions


--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        This consolidated derivative action arises out of the alleged misconduct of the directors and officers of American International Group, Inc. ("AIG").  The allegations principally relate to losses made in AIG's Financial Products Division in 2006 and 2007 and AIG's payment of bonus compensation in 2009.  The Court has subject matter jurisdiction of the claims asserted under the federal securities laws pursuant to 28 U.S.C. § 1331 and of the claims asserted under state law pursuant to 28 U.S.C. § 1367(a).  Plaintiff John J. Bible, who initiated a similar derivative action in California state court that has been stayed pending resolution of this action, seeks to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure.  The Court has considered thoroughly the parties' submissions.  For the following reasons, the motion is denied.

### BACKGROUND

        Chief Judge Loretta A. Preska issued the first consolidation order in this action on December 10, 2007.  (Docket entry no. 7.)  After the case was transferred to the undersigned and additional parties sought consolidation, the Court issued another consolidation order (docket entry no. 42) that, inter alia, designated Louisiana Municipal Police Employees' Retirement System ("Lead

Plaintiff") as the lead plaintiff in the Consolidated Derivative Action and approved its selection of Co-Lead Counsel. Lead Plaintiff filed an Amended Consolidated Complaint (the "ACC") on June 4, 2009. (Docket entry no. 53.) Defendants jointly moved on August 5, 2009, to dismiss the ACC for failure to make a demand pursuant to Rule 23.1 (docket entry no. 75), and filed separate motions to dismiss the ACC for failure to state a claim on August 26, 2009 (docket entry nos. 83, 85, 88, 91, 94, 97 and 100).

Plaintiff John J. Bible ("Bible" or the "Proposed Intervenor") filed a derivative complaint (the "Proposed Complaint-in-Intervention") on behalf of AIG in the Superior Court for the State of California, County of Los Angeles, on April 1, 2009 (the "California Derivative Action"). All of the seven defendants named in Bible's Proposed Complaint-in-Intervention are named in the ACC, with the exception of defendant Jay Steven Wintrob. Judge Joanne O'Donnell granted the defendants' motion to stay the California Derivative Action on August 27, 2009, concluding that "[i]t cannot be reasonably disputed that the claims asserted in the Southern District of New York federal actions [the Consolidated Derivative Action] arise out of the same facts upon which this California derivative action is based." Allerhand Decl., Ex. 1.

Bible moved to intervene in the Consolidated Derivative Action on September 30, 2009. Nominal Defendant AIG and the six individual defendants who are named in both the Consolidated Derivative Action and the California Derivative Action have filed a joint submission in which they do not oppose the motion but seek certain conditions to minimize the burden of the intervention. Lead Plaintiff opposes intervention.

DISCUSSION

A party may intervene as of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure if its application satisfies each of the following requirements: "(1) the motion is

timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." MasterCard Int'l, Inc. v. Visa Int'l Service Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006); see also In re Bank of New York Derivative Litig., 320 F.3d 291, 300 (2d Cir. 2003) ("Failure to satisfy any one of these requirements is a sufficient ground to deny the application."). Assuming without deciding that the application satisfies the first three requirements, the Court's analysis turns on the fourth requirement.

The Second Circuit has held that "[w]hile the burden to demonstrate inadequacy of representation is generally speaking minimal, we have demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective. Where there is an identity of interest . . . the movant to intervene must rebut the presumption of adequate representation by the party already in the action."[1] Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179-80 (2d Cir. 2001). "[E]vidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." Id. at 180. Proposed Intervenor alleges none of the foregoing but, rather, asserts that its "interest is not adequately represented by Lead Plaintiff in this action due to a disabling conflict in its ability to allege demand excusal as it relates to alleged improper bonuses paid in 2009." (Pl. Mem. at 5.) This argument is unavailing.

---

[1] In a derivative action, the real party in interest is the corporation, Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 522-23 (1947), and therefore the plaintiffs in the California Derivative Action and the Consolidated Derivative Action are united in interest.

The thrust of the demand futility allegations in the Proposed Complaint-in-Intervention is that "a demand would be a futile and useless act" because "[t]he AIG Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action since they were the persons responsible for the alleged decisions and transactions that form the basis for this action, including the approval and/or implementation of the retention plan payments discussed herein." (Siddiqui Decl., Ex. 1, Proposed Complaint-in-Intervention at ¶ 149.) The ACC makes essentially the same allegation.[2] See generally, ACC ¶¶ 436-73. Proposed Intervenor argues that Lead Plaintiff's ability to argue demand futility with respect to the 2009 payment of bonuses is compromised because Lead Plaintiff must also argue demand futility with respect to numerous other claims and other defendants not included in the Proposed Complaint-in-Intervention. However, as Judge Stein held in his Ambac decision, "the mere fact that plaintiffs also assert additional and different claims from those asserted by Proposed Intervenors does not render the former inadequate to represent the interests of the latter, particularly where, as here, the suit is brought derivatively on behalf of the corporation." In re Ambac Fin. Group, Inc. Derivative Litig., 257 F.R.D. 390, 394 (S.D.N.Y. 2009). Proposed Intervenor therefore has failed to carry its burden of showing that its interests are inadequately represented by Lead Plaintiff and, accordingly, the motion is denied insofar as it seeks intervention as of right.

With respect to permissive intervention, it is within the Court's discretion to permit anyone to intervene on timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Substantially the same factors are

---

[2] Defendants' motion to dismiss the ACC for failure to make a demand is currently pending. This Order shall not be construed to express any opinion of the Court as to the merits of Defendants' motion or the adequacy of the ACC with respect to the requirements set forth in Rule 23.1 of the Federal Rules of Civil Procedure.

considered in determining whether to grant an application for permissive intervention pursuant to Rule 24(b)(2)" as in determining intervention as of right under Rule 24(a)(2). In re Bank of New York Derivative Litig., 320 F.3d 291, 300 n.5 (2d Cir. 2003). In light of its conclusion that Proposed Intervenor's interests are adequately represented by Lead Plaintiff, and its concern that adding additional counsel to a leadership structure that already includes three different law firms serving as Co-Lead Counsel might hinder rather than further judicial efficiency, the Court denies the motion insofar as it seeks permissive intervention.

## CONCLUSION

The motion to intervene is denied. This Order resolves docket entry no. 105.

SO ORDERED.

Dated: New York, New York
December 23, 2009

LAURA TAYLOR SWAIN
United States District Judge