```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED  6-5-2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE AMERICAN INTERNATIONAL
GROUP, INC. ERISA LITIGATION II

Master File No.: 08-CV-5722 (LTS) (DCF)

THIS DOCUMENT RELATES TO:
All Actions

---

## [AMENDED PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, NOTICE PROCEDURES, AND SETTING FINAL SETTLEMENT HEARING

WHEREAS, this litigation involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to the American International Group, Inc. Incentive Savings Plan and the American General Agents' and Managers' Thrift Plan (the "Plans");[1] and

WHEREAS, presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants. The terms of the Settlement are set forth in the Class Action Settlement Agreement, executed by counsel on April 22, 2015 on behalf of the Parties, and the Amendment thereto executed June 1, 2015 (collectively, the "Settlement Agreement"); and

WHEREAS, Plaintiffs have filed the Motion for Preliminary Approval of the Settlement ("Motion"), pursuant to which the Court has considered the Settlement to determine, among other things, whether to certify a class for purposes of Settlement and whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class. Upon

---

[1] Capitalized terms not otherwise defined in this order shall have the same meaning as ascribed to them in the Settlement Agreement.

1

reviewing the Motion and all other papers submitted therewith, including the Settlement Agreement, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.    Class Findings.  Defendants having agreed, solely for purposes of certifying the Settlement Class (defined below) for settlement, not to present or pursue any of their affirmative and negative defenses to certification of the Settlement Class or to the claims asserted in the Action, the Court preliminarily finds that the requirements of the United States Constitution, the Federal Rules of Civil Procedure, the Rules of the Court and any other applicable law have been met as to the Settlement Class, in that:

a)    The Court preliminarily finds that the Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable, thus satisfying Rule 23(a)(1).

b)    Based on the allegations in Plaintiffs' Third Consolidated Amended Complaint (the "Complaint"), the Court preliminarily finds that there are one or more questions of fact and/or law common to the Settlement Class, thus satisfying Rule 23(a)(2).

c)    Based on the allegations in the Complaint, the Court preliminarily finds that the Named Plaintiffs' claims are typical of the claims of the Settlement Class, thus satisfying Rule 23(a)(3).

d)    The Court preliminarily finds that the Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the Named Plaintiffs' interests and the nature of claims alleged are consistent with those of the other members of the Settlement Class; (ii) there appear to be no conflicts between or among the Named Plaintiffs and the Settlement Class; and (iii) the Named Plaintiffs and the other members of the

2

Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complex ERISA class actions. Rule 23(a)(4) is satisfied.

e)      The Court preliminarily finds that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual class members that would establish incompatible standards of conduct for Defendants; or (ii) adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests. Rule 23(b)(1) is satisfied.

f)      The Court preliminarily finds that Keller Rohrback L.L.P., Wolf Popper LLP, Harwood Feffer LLP, and Squitieri & Fearon, LLP ("Class Counsel") are capable of fairly and adequately representing, and have to date fairly and adequate represented, the interests of the Settlement Class. Class Counsel have done extensive work identifying or investigating potential claims in the action, have litigated the validity of those claims through multiple motions to dismiss the case, and have completed extensive fact discovery in this litigation. Class Counsel are experienced in handling class actions, other complex litigation, and claims of the type asserted in the Action.  Class Counsel are knowledgeable about the applicable law, and have committed the necessary resources to represent the Settlement Class. Rule 23(g) is satisfied.

2.      Class Certification.      Based on the findings set forth above, the Court conditionally certifies the following class under Fed. R. Civ. P. 23(b)(1) and 23(e) in this litigation for settlement purposes only (the "Settlement Class"):

All persons: (a) who were participants in or beneficiaries of any of the Plans at any time from August 7, 2007 through May 1, 2009, and (b) whose Plan

3

accounts included direct or indirect investments in AIG stock and/or the AIG Stock Fund. The "Settlement Class" shall not include any of the Individual Defendants (defined to include all Defendants other than AIG), or any of the Individual Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, except for Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, who themselves were participants in the Plans, who shall be considered members of the Settlement Class only with respect to their own Plan accounts.

The Court conditionally appoints the Named Plaintiffs as the class representatives for the Settlement Class, and Keller Rohrback L.L.P., Wolf Popper LLP, Harwood Feffer LLP, and Squitieri & Fearon, LLP as Class Counsel for the Settlement Class.

3.    Preliminary Findings Regarding Proposed Settlement.    The Court preliminarily finds that: (a) the proposed Settlement resulted from informed, extensive arm's-length negotiations including two in-person mediations before the Honorable Layn R. Phillips (Ret.); (b) Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate; and (c) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

4.    Fairness Hearing.    A hearing is scheduled for September 18, 2015, at 9:30 a.m. (the "Fairness Hearing") to determine, among other things:

(a)    Whether the Settlement should be approved as fair, reasonable, and adequate;

(b)    Whether the Complaint should be dismissed with prejudice pursuant to the terms of the Settlement;

(c)    Whether the Class Notice provided for by the Settlement Agreement: (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness

4

Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law;

(d)     Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

(e)     Whether the application for attorneys' fees and expenses filed by Class Counsel should be approved; and

(f)     Whether the application for case contribution awards for the Named Plaintiffs should be approved.

5.     Class Notice.   A proposed form of Class Notice is attached hereto as Exhibit A. With respect to such form of Class Notice, the Court finds that such form fairly and adequately: (a) describes the terms and effect of the Settlement Agreement and of the Settlement; (b) notifies the Settlement Class concerning the proposed Plan of Allocation; (c) notifies the Settlement Class that Class Counsel will seek case contribution awards from the Settlement Fund for each of the Named Plaintiffs in an amount not to exceed $5,000, attorneys' fees not to exceed one-third of the Settlement Fund, and reimbursement of out-of-pocket expenses; (d) notifies the Settlement Class that the expenses associated with Class Notice, taxes and other costs related to the administration of the Settlement Fund and implementation of the Plan of Allocation will be paid from the Settlement Fund; (e) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (f) describes how the recipients of the Class Notice may object to any of the relief requested. The Court directs that Class Counsel shall:

(a)     By no later than sixty (60) days before the Fairness Hearing, cause the

Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be sent to each Person within the Settlement Class who can be identified by Defendants with reasonable efforts. Such notice shall be sent by first-class mail, postage prepaid, to the Person's last known address. Defendants shall provide names and last known addresses of the Class members, to the extent reasonably available, in electronic format at least twenty-one (21) days prior to the deadline for mailing notice.

(b)     By no later than sixty (60) days before the Fairness Hearing, cause the Class Notice to be published on each website identified in the Class Notice.

(c)     By no later than sixty (60) days before the Fairness Hearing, cause a summary notice in the form attached hereto as Exhibit B, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be published on at least one occasion in *The Wall Street Journal* (National Edition).

Class Counsel may retain the services of a claims administrator to assist with the foregoing notice provisions, and with any claims administration, as necessary.

At or before the Fairness Hearing, Class Counsel shall file with the Court a proof of timely compliance with the foregoing mailing and publication requirements.

6.     Objections to Settlement.     Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and expenses, or to any request for a case contribution award for the Named Plaintiffs, may file an objection.     An objector must file with the Court a statement of his, her or its objection(s), labeled with the case caption shown above, and specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector

wishes to bring to the Court's attention or introduce in support of such objection. The objector must also mail the objection and all supporting law and/or evidence to Class Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

To the Court:

Clerk of the Court
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: In re American International Group, Inc. ERISA Litigation II, 08-CV-5722 (LTS) (DCF)

To Class Counsel:

c/o Robert I. Harwood, Esq.
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY 10022
Fax: (212) 753-3630

Class Counsel shall forward copies of any such objection and accompanying supporting material to counsel for the Defendants, and deliver a copy thereof to Chambers.

The objector or his, her or its counsel (if any) must effect service of the objection on counsel listed above and file it with the Court such that it is received by no later than twenty-one (21) days before the date of the Fairness Hearing, or August 28, 2015. If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must both effect service of a notice of appearance on counsel listed above (in the same manner as serving an objection) and file it with the Court such that it is received by no later than twenty-one (21) days before the date of the Fairness Hearing. Any member of the Settlement Class or other Person who does

7

not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

7.    Appearance at Fairness Hearing.    Any objector who files and serves a timely, written objection in accordance with paragraph 6 above, may also appear at the Fairness Hearing either in person or through counsel retained at the objector's expense.    Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the objector (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel (at the addresses and in the manner set forth above), and must also file the notice of intention to appear with the Court, such that it is received by no later than twenty-one (21) days before the date of the Fairness Hearing.    Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

8.    Notice Expenses.    The expenses of printing, mailing and publishing all notices required hereby shall be paid from the Settlement Fund as provided in Section 8.1 of the Settlement Agreement.

9.    Supporting Papers.    Moving papers in support of the Settlement, Plan of Allocation and application for attorneys' fees and expenses and case contribution awards to the Named Plaintiffs shall be filed with the Court and served no later than thirty-eight (38) days before the Fairness Hearing.    If reply papers are necessary, they shall be filed with the Court and served no later than fourteen (14) days before the Fairness Hearing.    Class Counsel shall also file

8

a compilation of all objections and requests to appear at the Fairness Hearing they have received, if any, no later than fourteen (14) days before the Fairness Hearing.

10.     Service of Papers.  To the extent not provided for above, Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

11.     Stay.  Pending final determination of whether the Settlement should be approved, the Named Plaintiffs, all Settlement Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action that asserts any Released Claims against any of the Released Parties.

12.     Termination of Settlement.  This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is terminated in accordance with the Settlement Agreement.  In such event, Section 9 of the Settlement Agreement shall govern the rights of the parties.

13.     Use of Order.  In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or declaration by or against the Defendants, the Named Plaintiffs or the Settlement Class.

14.     Continuance of Hearing.  The Court may continue the Fairness Hearing without further written notice. *This order resolves DE #s 237, 253, and the corresponding entries in the member case dockets.*

SO ORDERED this $\underline{5^{th}}$ day of $\underline{June}$, 2015.

Hon. Laura Taylor Swain, U.S.D.J.